UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES EUGENE WOLF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1140 RLW |
| ) | |
| HOENE RIDGE SUBDIVISION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss filed on August 12, 2015 (ECF No. 5). Plaintiff filed a response to the motion on September 16, 2015. Defendants did not reply, and the time for doing so has expired. *See* E.D. Mo. L.R. 4.01. Upon review of the Complaint, Defendants' Motion to Dismiss, and Plaintiff's response, the Court will grant Defendants' motion.

## I. Background

Plaintiff filed a *pro se* Complaint in federal court on July 24, 2015 against Hoene Ridge Subdivision ("Subdivision") and Kelly A. Kelly, alleging criminal violations of 18 U.S.C. § 241, conspiracy against rights (Count I); criminal violations of 18 U.S.C. § 242, deprivation of rights under color of law (Count II); criminal violations of 18 U.S.C. § 844, penalties for the importation, manufacture, distribution and storage of explosive materials (Count III); criminal violations of the Fair Housing Act, 42 U.S.C. § 3631 (Count IV); discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Count V); and labor racketeering (Count VI). Plaintiff seeks $500 Million in monetary damages. On August 12, 2015, Defendants filed a Motion to Dismiss, claiming that Plaintiff failed to provide a short and

plain statement of the grounds for this Court's jurisdiction; the Court lacks personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); and the Plaintiff failed to state a claim upon which relief can be granted under Rule 12(b)(6).

## II. Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## III. Discussion

Defendants initially argue that the Court should dismiss the Complaint because Plaintiff failed to provide a short and plain statement of the grounds for the Court's jurisdiction under Federal Rule of Civil Procedure 8(a)(1) and because this Court lacks diversity jurisdiction. The Court agrees that Plaintiff's Complaint does not contain a jurisdictional statement. However, liberally construing the *pro se* Complaint, which cites federal statutes and laws, this Court is satisfied that it has federal question jurisdiction under 28 U.S.C. § 1331. *See Scarborogh v.*

2

*Carotex Constr., Inc.*, 420 Fed. App'x 870, 873 (11th Cir. 2011) (quoting *Miccosukee Tribe of Indians v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1275-76 (11th Cir. 2010) ("A court may find a basis for federal question jurisdiction even if a complaint lacks such a jurisdictional statement, so long as the complaint makes 'references to federal law sufficient to permit the court to find § 1331 jurisdiction.'")).

### A. Criminal Violations

Defendants additionally argue that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants assert that the alleged criminal violations set forth in Counts I, II, and III do not allow a plaintiff to recover civilly for violations of those criminal statutes, 18 U.S.C. §§ 241, 242 and 844.

Plaintiff alleges that Defendants have conspired to take legal action against him in order to oppress, threaten, or intimidate him, in violation of 18 U.S.C. § 241.[1] Likewise, he claims that he has been deprived of his rights because members of Defendant Subdivision used their influence to complain about Plaintiff's home and to prevent Plaintiff from obtaining a housing permit in violation of 18 U.S.C. § 242.[2] In response to the motion to dismiss, Plaintiff states that his rights have been violated because unions run the government, which in turn has violated his rights. He requests that the FBI and the U.S. Department of Labor investigate his criminal charges.

---

[1] Title 18 U.S.C. § 241 imposes criminal fines and/or imprisonment where "two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . . ."

[2] Under 18 U.S.C. § 242, deprivation of rights under color of law, it is unlawful to willfully subject any person in any State to the deprivation of rights protected by the Constitution or laws of the United States, or to different punishments, based on that person's alien status, race, or color.

3

"Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges." *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 . . . ."). Thus, Plaintiff's causes of action under 18 U.S.C. §§ 241 and 242, Counts I and II of the Complaint, fail to state a claim for which relief can be granted, and those Counts will be dismissed.

In Count III, Plaintiff claims his rights were violated under 18 U.S.C. § 844. This criminal statute pertains to explosives or fires damaging or destroying, *inter alia*, buildings or personal property used in or affecting interstate commerce. 18 U.S.C. § 844(i). Plaintiff contends that neighbors in Defendant Subdivision intentionally set fires in and around his property. Upon review of the statute, the Court finds that no private right of action exists in the criminal statute relied upon by the Plaintiff. *See generally*, *Wadena*, 152 F.3d at 846 (listing criminal statutes which courts have found do not imply a private right of action). Therefore, the Court will dismiss Count III, alleging that Defendants violated 18 U.S.C. § 844, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### **B. Fair Housing Act**

Next, Plaintiff seeks relief under 42 U.S.C. § 3631 of the Fair Housing Act. He maintains that the Subdivision has intimidated him and violated his right to fair and equal housing by harassing him, trying to burn his home, running him off the road, verbally attacking him, and filing a suit against him. Further, he claims that his vehicles and tractors have been tampered with and damaged, and his home has been broken into several times.

Title 42 U.S.C. § 3631 criminalizes willful injury, intimidation, or interference with a person because of a person's race, color, religion, sex, handicap, familial status, or national origin and because that person has been occupying any dwelling. 42 U.S.C. § 3631(a). The Court finds that Plaintiff cannot state a claim for relief under § 3631 because it is a criminal statute with no private cause of action. *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, at *2 (5th Cir. 2001).

However, construing Plaintiff's *pro se* Complaint liberally, the Court notes that 42 U.S.C. § 3617 provides a civil remedy under the Fair Housing Act. That statute makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . , any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. "The intimidation or coercion prohibited by § 3617 must bear some relationship to the plaintiff's exercise of housing rights protected by §§ 3603-3606." *Thomas v. Miramar Lakes Homeowner Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *6 (S.D. Tex. Aug. 6, 2014). Title 42 U.S.C. §§ 3603-3606 "prohibit discrimination associated with, *inter alia*, the purchase or rental of a property, applications for loans or appraisals, or the provision of brokerage services." *Id.* To state a retaliation claim under § 3617, Plaintiff "must show that (1) [he] engaged in a protected activity; (2) [Defendants] subjected [him] to an adverse action; and (3) a causal link exists between the two." *Sandy Hill Apartments v. Kudawoo*, No. 05-2327 (PAM/JSM), 2006 WL 2974305, at *3 (D. Minn. Oct. 16, 2006) (citation omitted).

Here, assuming that Plaintiff properly pled a violation of 42 U.S.C. § 3617 instead of § 3631, he is unable to state a claim for relief. Plaintiff's complaints are that Defendants harassed Plaintiff, verbally attacked him, ran him off the road, and vandalized his property. He does not

5

present any facts demonstrating the exercise of housing rights protected by § 3617 of the Fair Housing Act and thus is unable to show a causal link between protected activity and an adverse action. *Thomas*, 2014 WL 3897809, at *6. Therefore, the Court finds that Plaintiff has failed to allege facts sufficient to state a claim for relief in Count IV of his Complaint.

### C. Americans with Disabilities Act

Plaintiff also asserts that he is permanently disabled, and Defendants have discriminated against him by attacking him in so many ways he can't count that high. Specifically, he claims that Defendant Kelly has led this attack and made it her personal crusade "to screw [Plaintiff] and [his] family into the ground." Defendants maintain that Plaintiff's Complaint fails to state a plausible claim under the ADA because the Complaint makes no allegations that Defendants restricted his access to employment, services by public entities, or public services operated by private entities, which are acts protected by the ADA. Plaintiff responds that the ADA does not apply only to employment discrimination claims but also applies to public and private commercial buildings. He claims that Defendants have discriminated against him because of his disability and have prevented him from living in his home.

"The purpose of the ADA is to 'provide clear, strong, consistent, enforceable standards' to remedy discrimination in employment (Title I), in the services of public entities (Title II), and in places of public accommodation (Title III)." *Mack v. St. Patrick Ctr.*, No. 4:13-CV-1555-CEJ, 2013 WL 4496281, at *2 (E.D. Mo. Aug. 21, 2013) (quoting 42 U.S.C. § 12101(b)(2)). Here, Plaintiff acknowledges that his claim under the ADA does not involve employment discrimination. With regard to stating a *prima facie* claim under Title II of the ADA, Plaintiff must show that he "(1) is a person with a disability as defined by the statute, (2) is otherwise qualified for the benefit in question, and (3) was excluded from the benefit due to discrimination

based on disability." *Id.* (citations omitted). Assuming without determining that Plaintiff has a disability that falls within the meaning of the ADA, he fails to state what public service benefit he was entitled to or how he was excluded from said public benefit. Instead, Plaintiff claims that the alleged discrimination pertained to the use of his private home.

Finally, to make a *prima facie* case of discrimination in places of public accommodation under Title III, Plaintiff must show "that (1) [he] has a disability, (2) the defendant's office is a place of public accommodation, and (3) [he] was discriminated against by being refused full and equal enjoyment of services because of the disability." *Id.* Again, Plaintiff has failed to plead facts to state a plausible claim under Title III of the ADA. He is claiming discrimination in the use of his own private home, not to services in a place of public accommodation. Further, Title III does not allow private actions where a plaintiff seeks only monetary damages. *Id.* (citing *Stebbins v. Legal Aid of Arkansas*, 512 Fed. App'x 662, 663 (8th Cir. 2013). Here, Plaintiff is seeking $500 Million in damages and does not request injunctive relief, which is the only private remedy available under Title III. *Stebbins*, 512 Fed. App'x at 663. Therefore, the Court finds that Plaintiff has failed to state facts sufficient to raise a plausible claim for relief, and dismissal of his ADA claim in Count V is warranted.

### D. Racketeering

Last, Plaintiff claims Labor Racketeering in that neighbors residing in the Subdivision have union member friends and family that retaliated against and swindled him. In his response to the motion to dismiss, he contends that people were planted in his neighborhood to do the dirty work of the unions and corrupt the government to abuse individuals.

Although Plaintiff does not cite a specific statute, the Court assumes that Plaintiff is referring to the Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. §§ 1961,

*et seq.* Defendant asserts that dismissal is appropriate because Plaintiff has failed to state a racketeering claim.

Under RICO, "racketeering activity" within the context of labor, pertains to "any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c)(relating to embezzlement from union funds)." 18 U.S.C. § 1961(1)(C). In addition, a "'pattern of racketeering activity'" under RICO "requires at least two predicate acts of racketeering activity committed within a ten-year period." *Uka v. Mama's Bar & Grill Rest.*, No. 4:06-CV-29-CAS, 2006 WL 1752293, at *12 (E.D. Mo. June 23, 2006) (quoting 18 U.S.C. § 1961(5)).

Plaintiff's allegations amount to nothing more than complaints against neighbors in the Subdivision that have friends or relatives that are members of a labor union. His Complaint does not allege specific racketeering activity as set forth in RICO, nor does he state at least two predicate acts under the statute. Additionally, his allegations are against union members not part of the Defendant Subdivision and not parties to this action. In short, the Court finds that Plaintiff has failed to state a claim for racketeering, and therefore, Count VI will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED.** A separate Order of Dismissal shall accompany this Memorandum and Order. Dated this 11th day of December, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**